1

2

3                                                        O

4

5

6                                              NO JS-6

7

8                 UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11   SHERI M. JUNTILLA, an        )  Case No. CV 11-08201 DDP (PJWx)
     individual,                  )
12                                )
                    Plaintiff,    )
13                                )
         v.                       )  **ORDER GRANTING DEFENDANTS' MOTION
14                                )  TO DISMISS**
     AURORA LOAN SERVICES, LLC;   )
15   MORTGAGE ELECTRONIC          )
     REGISTRATION SYSTEMS, MINC.; )
16   DEUTSCHE BANK TRUST COMPANY  )
     AMERICAS AS TRUSTEE FOR THWE )
17   RESIDENTIAL ACCREDIT LOANS,  )
     INC. MORTGAGE ASSET-BACKED   )  [Dkt. No. 22]
18   PASS-THROUGHT CERTIFICATES,  )
     SERIES 2007-QH8; CAL-WESTERN )
19   RECONVENYANCE CORPORATION,   )
                                  )
20                  Defendants.   )
     _____)
21

22        Presently before the court is the Motion to Dismiss filed by

23   defendants Aurora Loan Services, LLC ("Aurora"), Mortgage

24   Electronic Registration Systems, Inc. ("MERS"), and Deutsche Bank

25   Trust Co. Americas ("Deutsche") as Trustee for the Residential

26   Accredit Loans, Inc. Mortgage-Backed Pass-Through Certificates,

27   Series 2007-QH8 ("RALI Trust") (collectively, "Defendants").

28   Having considered the submissions of the parties and heard oral

1   arguement, the court grants the motion and adopts the following

2   Order.

3       **I.   Background**

4       In July 2007, Plaintiff Sherri M. Juntilla ("Plaintiff")

5   executed a promissory note ("Note") in favor of lender Homecoming

6   Financial, Inc. ("Homecoming") in the amount of $743,200.00 for a

7   property located at 409, 411, 411 ½  N. Mar Vista Ave., in

8   Pasadena, California 91106.  (First Amended Complaint ("FAC") ¶ 1.)

9   Plaintiff's Deed of Trust listed Homecoming as "Lender" and MERS as

10  "nominee for lender" and "beneficiary."  (FAC ¶¶ 15-16.)  In May

11  2010, Plaintiff filed for bankruptcy.  (Id. ¶ 19.)

12      Meanwhile, in May 2010, MERS assigned the Deed of Trust to

13  Aurora; the assignment was recorded in July.  (FAC ¶ 39; Ex. 7C)

14  In September 2010, Plaintiff attempted to negotiate a loan

15  modification with Aurora.  (FAC ¶¶ 20-21.)  Aurora placed Plaintiff

16  in a Trial Modification/Special Forbearance Agreement, and in

17  accordance with its provisions, held the six monthly payments she

18  timely sent "in suspense" instead of applying them to her loan.

19  (Id. ¶¶ 21-22.)

20      In September 2010, Aurora denied the loan modification.  (FAC

21  ¶ 21.)  In March 2011, Cal-Western Reconveyance Corporation ("Cal-

22  Western"), acting as Aurora's agent, recorded a Notice of Default

23  ("NOD").  (FAC Ex. 7B.)  At this point, Plaintiff was $26,246.23 in

24  arrears.  (Id.)  In April 2011, beneficiary Aurora recorded a

25  substitution of Cal-Western as Trustee.  (FAC Ex. 7D.)  In June

26  2011, Cal-Western recorded a Notice of Trustee's Sale set for July

27  13, 2011, which was subsequently postponed; no sale has taken place

28  to date.  (FAC Ex. 7E.)

                                  2

1       In July 2011, Plaintiff made a formal request of Aurora, under

2   the Real Estate Settlement Procedures Act (RESPA, 12 U.S.C. § 2601

3   et seq.), to provide a life-of-loan transaction history report.

4   (FAC ¶ 25.)  Aurora responded in August 2011 by identifying

5   Deutsche as the owner of her Deed of Trust, but refused to provide

6   the requested report, stating that Plaintiff's request was "vague."

7   (Id.)

8       Plaintiff filed a complaint in the district court in October

9   2011 and the FAC on January 18, 2012.  The FAC alleges seven causes

10  of action, for 1) declaratory judgment under 28 U.S.C. § 2201 that

11  Defendants have no right of interest in the Note;[1]  2) fraud in

12  endorsement of the assignment and substitution; 3) negligence in

13  following the law and contract provisions relevant to the Note; 4)

14  unjust enrichment; 5) violation of the Federal Debt Collection

15  Practices Act ("FDCPA"), 15 U.S.C. 1692(e); 6) violation of

16  California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code

17  §17200 et seq.; and 7) breach of contract.  (FAC ¶¶ 82-176.)

18      Plaintiff alleges various irregularities in connection with

19  the assignment of the Note to Deutsche and the substitution of Cal-

20  Western as Trustee: that the Note lacks the proper endorsements;

21  that it was not endorsed by the closing date set forth in the

22  Pooling Services Agreement ("PSA") governing the RALI Trust; and

23  that the endorsers of both documents lacked the authority to sign

24  on behalf of MERS and Aurora, respectively.  (Id. ¶¶ 27-65.)  With

25  regard to this last, Plaintiff further alleges that because

26  Defendants knew the endorsers lacked authority to sign - and were

27  _____

[1]As Defendants point out, this is not actually a cause of action,

28  but a form of relief.  (Mot. at 12.)

1  merely acting as "robo-signers" - the attempted assignment and

2  substitution were fraudulent.  (Id.)  As a result, Plaintiff

3  alleges that she does not know who currently owns her Note, and

4  that Aurora, Deutsche, and the RALI Trust are all making rival

5  claims.  (Id. ¶ 73).  This cloud on title has rendered the property

6  unsaleable.  (Id.)  Additionally, Deutsche has negatively reported

7  against Plaintiff's credit.  (Id.)  Defendants now move to dismiss

8  the FAC.

9  **II.   Legal Standard.**

10       A complaint will survive a motion to dismiss when it contains

11  "sufficient factual matter, accepted as true, to state a claim to

12  relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

13  662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

14  570 (2007)).  When considering a Rule 12(b)(6) motion, a court must

15  "accept as true all allegations of material fact and must construe

16  those facts in the light most favorable to the plaintiff." Resnick

17  v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint

18  need not include "detailed factual allegations," it must offer

19  "more than an unadorned, the-defendant-unlawfully-harmed-me

20  accusation."  Iqbal, 556 U.S. at 678.  Conclusory allegations or

21  allegations that are no more than a statement of a legal conclusion

22  "are not entitled to the assumption of truth." Id. at 679.  In

23  other words, a pleading that merely offers "labels and

24  conclusions," a "formulaic recitation of the elements," or "naked

25  assertions" will not be sufficient to state a claim upon which

26  relief can be granted.  Id. at 678 (citations and internal

27  quotation marks omitted).

28

1    "When there are well-pleaded factual allegations, a court

2    should assume their veracity and then determine whether they

3    plausibly give rise to an entitlement of relief." Id. at 679.

4    Plaintiffs must allege "plausible grounds to infer" that their

5    claims rise "above the speculative level." Twombly, 550 U.S. at

6    555. "Determining whether a complaint states a plausible claim for

7    relief" is a "context-specific task that requires the reviewing

8    court to draw on its judicial experience and common sense." Iqbal,

9    556 U.S. at 679.

10   **III. Discussion**

11        All of Plaintiff's causes of action, with the exception of the

12   Seventh Cause of Action for Breach of Contract, appear to be based

13   upon her allegation that Homecoming never successfully transferred

14   the Note.  Plaintiff alleges that there was no "true sales" of her

15   Note because Defendants failed to follow the rules set out by a

16   Pooling and Servicing Agreement ("PSA"). (FAC ¶ 17.)  As a result,

17   Plaintiff alleges, the attempt to securitize her loan failed, and

18   Deutchse and Aurora are therefore strangers to her loan.  (Id. ¶¶

19   16-17, 28-29.)

20        The circumstances and allegations here are strikingly similar

21   to those presented in Armeni v. America's Wholesale Lender, No. CV

22   11-8537 CAS, 2012 WL 603242 (C.D. Cal. Feb. 24, 2012).[2]  As

23   the Armeni court explained, debtors such as Plaintiff here are not

24   parties to PSAs, and therefore have no standing to challenge

25   assignments based on noncompliance with the terms of a PSA.

26   Armeni, 2012 WL at *3 (listing cases).

27

28        [2] Neither party cites to or discusses Armeni.

5

1    Furthermore, with respect to Plaintiff's FDCPA claim against

2 Aurora, the FAC fails to allege that Aurora is a "debt collector"

3 within the meaning of the Act.  First, foreclosure activity

4 pursuant to a deed of trust does not constitute the collection of a

5 debt under the FDCPA.  <u>Shapiro v. Bank of Am., N.A.</u>, No. 11-CV-576-

6 JAM, 2012 WL 670960 at *4 (E.D. Cal. Feb. 29, 2012).  Though

7 Plaintiff here argues that she is not challenging a foreclosure,

8 her prayer for relief in the form of an order deeming her Note

9 unsecured and restraining Defendants "from continuing or initiating

10 any action against the Property" belies that contention.  Even if

11 Plaintiff were not challenging foreclosure activity, her opposition

12 fails to address Defendants' argument that a debt collector does

13 not include "any person collecting or attempting to collect any

14 deby owed . . . to the extent such activity . . . concerns a debt

15 which was not in default at the time it was obtained by such person

16 . . . ."  15 U.S.C. §1692a(6)(f).  The exhibits attached to

17 Plaintiff's complaint, however, indicate that Aurora obtained its

18 interest in Plaintiff's loan in May 2010, almost a year before Cal-

19 Western recorded the Notice of Default.  Lastly, as in <u>Armeni</u>,

20 Plaintiff's FDCPA claim must fail because it is premised upon the

21 insufficiently pled PSA-based claims discussed above.  <u>Armeni</u>, 2012

22 WL at *4.

23    Plaintiff's Breach of Contract claim, pled in the alternative,

24 alleges that Defendants "fail[ed] to apply the payments made by

25 Plaintiff in the order of priority set forth in [the Deed]."  (FAC

26 ¶ 173.)  This allegation is no more than a bare recitation of an

27 element of a breach of contract claim.  The FAC does not identify

28 which payments were misallocated, when the misallocation occurred,

1 | or how Defendant's allocation of payments was improper.

2 | Plaintiff's breach of contract claim is therefore dismissed, with

3 | leave to amend.  <u>See</u> <u>Derusseau v. Bank of America, N.A.</u>, No. 11 CV

4 | 1766 MMA, 2011 WL 5975821 at *7 (S.D. Cal. Nov. 29, 2011).

5 | **IV.   Conclusion**

6 |      For the reasons stated above, Defendants' Motion to Dismiss is

7 | GRANTED.  The Seventh Cause of Action for Breach of Contract is

8 | dismissed with leave to amend.  All other causes of action are

9 | dismissed with prejudice.  Any amended complaint shall be filed

10 | within fourteen days of the date of this order.

11 |

12 |

13 |

14 | IT IS SO ORDERED.

15 |

16 |

17 | Dated:March 28, 2013

18 |                              DEAN D. PREGERSON
   |                              United States District Judge

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |